**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-1598**

_____

DR. NANETTE LIEGEOIS,

        Plaintiff - Appellant,

      v.

JOHNS HOPKINS MEDICINE; BOARD OF TRUSTEES OF JOHNS HOPKINS
MEDICINE; JOHNS HOPKINS UNIVERSITY; BOARD OF TRUSTEES JOHN
HOPKINS UNIVERSITY; JOHNS HOPKINS HOSPITAL; CHARLES
CUMMINGS; DR. SEWON KANG; DR. EDWARD MILLER; DR. WILLIAM
NELSON; DR. RICHARD GROSSI; DR. JANICE CLEMENTS; DR. MANISHA
PATEL; JOHNS HOPKINS SCHOOL OF MEDICINE; BOARD OF TRUSTEES
OF JOHNS HOPKINS SCHOOL OF MEDICINE; JOHNS HOPKINS HOSPITAL
AND HEALTH SYSTEM; BOARD OF TRUSTEES OF JOHNS HOPKINS
HOSPITAL AND HEALTH SYSTEM; SUBSIDIARIES AND AFFILIATES OF
JOHNS HOPKINS SCHOOL OF MEDICINE; SUBSIDIARIES AND
AFFILIATES OF JOHNS HOPKINS HOSPITAL AND HEALTH SYSTEM;
SUBSIDIARIES AND AFFILIATES OF JOHNS HOPKINS UNIVERSITY,

        Defendants - Appellees.

_____

Appeal from the United States District Court for the District of Maryland, at Baltimore.
J. Frederick Motz, Senior District Judge.  (1:15-cv-02919-JFM)

_____

Submitted:  March 31, 2017                   Decided:  July 6, 2017

_____

Before GREGORY, Chief Judge, and KING and WYNN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

David A. Branch, LAW OFFICE OF DAVID A. BRANCH & ASSOCIATES, PLLC, Washington, D.C., for Appellant. Darrell R. VanDeusen, Alexander P. Berg, KOLLMAN & SAUCIER, P.A., Timonium, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dr. Nanette Liegeois filed a complaint against Johns Hopkins Medicine, its affiliates, and several individuals alleging employment discrimination in violation of 42 U.S.C. § 1981 (2012), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17 (2012) (Title VII), and the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213 (2012) (ADA). The district court granted Defendants' motion to dismiss the complaint finding that all claims arising before October 9, 2015,[*] that she may have had were barred by the release, and that the vast majority of Liegeois' claims were also time-barred. The court further dismissed her § 1981 retaliation claims as either barred by the release or because Liegeois failed to allege sufficient temporal proximity to state a viable claim of retaliation.

We review de novo the grant of a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See Coleman v. Md. Ct. of App.*, 626 F.3d 187, 190 (4th Cir. 2010). When ruling on such a motion, "a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). A complaint "need only give the defendant fair notice of what the claim is and the grounds upon which it rests." *Id.* at 93 (alteration and internal quotation marks omitted).

We have thoroughly reviewed the parties' briefs, the district court's order and judgment, and the materials submitted in the joint appendix and find no reversible error.

---

[*] Although the district court's order barred Liegeois' claims arising before "October 9, 2015," this was clearly a clerical error, as the district court expressly referenced the date Liegeois signed her release, October 9, 2009, as the relevant date.

3

Accordingly, we affirm for the reasons stated by the district court. *Liegeois v. Johns Hopkins Med.*, No. 1:15-cv-02919-JFM (D. Md. Apr. 21, 2016). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*